STANLEY P. LIEBER (57628)
LAW OFFICES OF STANLEY P. LIEBER
6351 Owensmouth Ave. Suite 100
Woodland Hills, CA 91367
tel: 818 888 1811
fax: 818 888 1912
Email: stan@lieberlaw.com

Brian W. Warwick (Fla. Bar No.: 0605573)
VARNELL & WARWICK
20 La Grande Blvd.
The Villages, FL 32159
Tel: (352) 753-8600
Fax: (352) 753-8606
Email: bwwarwick@aol.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID GROBER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MAKO PRODUCTS, INC., JORDAN KLEIN, Sr., JORDAN KLEIN, JR., DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:07-CV-07553 SGL (OPx)<br><br>**TABLE OF CONTENTS AND TABLE OF AUTHORITIES IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INITIAL COMPLAINT FOR FAILURE TO STATE A CLAIM; LACK OF STANDING; AND LACK OF IN PERSONAM JURISDICTION**<br><br>Date: February 4, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br>Honorable Stephen G. Larson |

# TABLE OF CONTENTS

Page(s)

DEFENDANTS MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INITIAL COMPLAINT FOR FAILURE TO STATE A CLAIM; LACK OF STANDING; AND LACK OF *IN PERSONAM* JURISDICTION...................................................................................1

I.    PLAINTIFF FAILS TO STATE A VALID CLAIM UNDER RULE 12(B)(6)...........................................................................................1

II.   PLAINTIFF LACKS STANDING.......................................................3

      A. Plaintiff Lacks Injury-in-Fact.................................................6

      B. Plaintiff Lacks Causal Connection...........................................6

      C. Plaintiff Lacks Likely Redress................................................7

III.  THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS....................................................................................9

      A.    General Jurisdiction Does Not Exist.....................................10

      B.    Specific Jurisdiction Does Not Exist....................................12

IV.   CONCLUSION.................................................................................14

# TABLE OF AUTHORITY

Page(s)

I.      PLAINTIFF LACKS STANDING.................................................…….....3

*Warth v.* Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197 (1975)..................…………3,4,5

*Barrows v. Jackson*, 346 U.S. 249, 255-256, 73 S.Ct. 1031, 1034-1035, 97 L.Ed. 1586 (1953)...................................................................................................3

*Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 221-227, 94 S.Ct. 2925, 2932-2935, 41 L.Ed.2d 706 (1974)...........................................................................3

*United States v. Richardson*, 418 U.S. 166, 188-197, 94 S.Ct. 2940, 2952-2956, 41 L.Ed.2d 678 (1974)...............................................................................................3

*Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)..............................................................................................................4

*Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)..........................................................................................................4

*Data Processing Service v. Camp*, 397 U.S. 150, 151-154, 90 S.Ct., 827, 829-830, 25 L.Ed.2d 184 (1970).........................................................................................4

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62, 112 S.Ct. 2130(1992).......4,5

*Sierra Club v. Morton*, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972)..................................................................................5

*Whitmore, supra*, 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983))..............5

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)........................................................................5

*FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990)..........................................................................................................5

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, and n. 31, 99 S.Ct. 1601, 1614-1615, and n. 31, 60 L.Ed.2d 66 (1979)...............................5,6

### III.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS............................................................................ 9

*Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (95h Cir. 2002)............9

*Omeluk v. Langsten Slip and Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir.1995)......10

*Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 ( 9th Cir.1994)......................10

California Code of Civil Procedure §410.10.............................................10

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)...................................................................................10

#### A.     General Jurisdiction Does Not Exist.....................................10

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446 (1952).........10,11

*Data Disc*, 557 F.2d at 1287............................................................11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-416 & n. 9 (1984).....................................................................................11

*Advantage Lift Systems, Inc. v. OMER S.P.A*, 1997 U.S. Dist. LEXIS 11355 at *19 (S.D.Cal. March 19, 1997)................................................................11

#### B.     Specific Jurisdiction Does Not Exist....................................12

*Data Disc, Inc.*, 557 F.2d at 1287.....................................................12

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958)..........................................13

DEFENDANTS' TABLE OF CONTENTS AND TABLE OF AUTHORITY FOR MEMORANDUM OF POINTS AND AUTHORITIES

1  STANLEY P. LIEBER (57628)
2  LAW OFFICES OF STANLEY P. LIEBER
3  6351 Owensmouth Ave. Suite 100
   Woodland Hills, CA 91367
4  tel: 818 888 1811
5  fax: 818 888 1912
   Email: stan@lieberlaw.com
6
7  Brian W. Warwick (Fla. Bar No.:  0605573)
   VARNELL & WARWICK
8  20 La Grande Blvd.
9  The Villages, FL  32159
   Tel: (352) 753-8600
10 Fax: (352) 753-8606
11 Email: bwwarwick@aol.com
12
13            UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
14

| 15  16  17  18  19  20  21  22  23  24 | DAVID GROBER, *an individual*<br><br>Plaintiffs,<br><br>vs.<br><br>MAKO PRODUCTS, INC.,<br>JORDAN KLEIN, Sr., JORDAN<br>KLEIN, JR., DOES 1-10, inclusive<br><br>Defendants. | Case No.  2:07-CV-07553 SGL(OPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INITIAL COMPLAINT FOR FAILURE TO STATE A CLAIM; LACK OF STANDING; AND LACK OF *IN PERSONAM* JURISDICTION**<br><br>Date:   February 4, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br>Honorable Stephen G. Larson |
| --- | --- | --- |

25
26
27
28

                                    1

**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS INITIAL COMPLAINT
FOR FAILURE TO STATE A CLAIM;
LACK OF STANDING; AND
LACK OF *IN PERSONAM* JURISDICTION**

Defendants Mako Products, Inc., Jordan Klein, Sr. and Jordan Klein, Jr. (hereafter referred to collectively as "Defendants"), are the two shareholders of Mako Products, Inc., which developed and own the MakoHead. Defendants request that this Court dismiss this action because the Plaintiff has (1) failed to state a claim upon which relief can be granted; (2) lacks standing; and (3) this Court lacks personal jurisdiction over Defendants.

## I.   PLAINTIFF FAILS TO STATE A VALID CLAIM UNDER RULE 12(B)(6)

Plaintiff's complaint asks for declaratory relief on two "issues." First, Plaintiff asks for a declaratory judgment that he "has not slandered or defamed Defendants." (Complaint at ¶5). However, Plaintiff fails to set forth in the Complaint any specific conversation, letter, or other defamatory statement for such a ruling to be based upon. Accordingly, this portion of the declaratory relief must necessarily fail because a determination regarding the defamatory nature of a statement must first set forth the statement at issue. Even if taken as true, because the Complaint does not state a claim upon which relief can be granted, it must be dismissed.

Second, Plaintiff asks this Court for a declaration that he "has not interfered with Defendants or Defendants' "business", that "his conduct has been lawful and/or privileged" and that "Plaintiff has not caused damage to Defendants." (Complaint at ¶5).  However, no specific allegations of how Plaintiff interfered with Defendants' or their business are set forth in the Complaint.  Taking every allegation in the complaint as true, still leaves Defendants and this Court at a total loss regarding what conduct is actually at issue.  Thus, this Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## II.    PLAINTIFF LACKS STANDING

Federal Rule of Civil Procedure 12(b)(1) requires that Plaintiff shows standing to sue in Federal Court.  In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.  This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.  E.g., Warth v. Seldin, 422 U.S. 490,498, 95 S.Ct. 2197 (1975); Barrows v. Jackson, 346 U.S. 249, 255-256, 73 S.Ct. 1031, 1034-1035, 97 L.Ed. 1586 (1953).  In both dimensions it is founded in concern about the proper and properly limited-role of the courts in a democratic society.  See Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 221-227, 94 S.Ct. 2925, 2932-2935, 41 L.Ed.2d 706 (1974); United States v. Richardson, 418 U.S. 166, 188-197, 94 S.Ct. 2940, 2952-2956, 41 L.Ed.2d 678 (1974).

3

In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III.  This is the threshold question in every federal case, determining the power of the court to entertain the suit. <u>Warth v. Seldin</u>, 422 U.S. 490, 498 95 S.Ct. 2197 (1975).  As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. <u>Baker v. Carr</u>, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).  The Art. III judicial power **exists only to redress or otherwise to protect against injury to the complaining party,** even though the court's judgment may benefit others collaterally.  A federal court's jurisdiction therefore can be invoked **only** when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . ..' <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973).  See <u>Data Processing Service v. Camp</u>, 397 U.S. 150, 151-154, 90 S.Ct., 827, 829-830, 25 L.Ed.2d 184 (1970).

In <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561-62, 112 S.Ct. 2130 (1992), the Supreme Court set forth a clear test for determining whether a Plaintiff has established the minimum standards for constitutional standing:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains

4

three elements. First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, see Id., at 756, 104 S.Ct., at 3327; Warth v. Seldin, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); Sierra Club v. Morton, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); FN1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " Whitmore, supra, 495 U.S., at 155, 110 S.Ct., at 1723 (quoting Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)).  Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976).  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Id., at 38, 43, 96 S.Ct., at 1924, 1926 (internal citations omitted).

The party invoking federal jurisdiction bears the burden of establishing these elements.  See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990).  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 883-889, 110 S.Ct. 3177, 3185-3189, 111 L.Ed.2d 695 (1990); Gladstone, Realtors v. Village of

5

<u>Bellwood</u>, 441 U.S. 91, 114-115, and n. 31, 99 S.Ct. 1601, 1614-1615, and n. 31, 60 L.Ed.2d 66 (1979).

### A.    Plaintiff Lacks Injury-in-Fact

Plaintiff has not even alleged an invasion of a legally protected interest in his Complaint, much less a "concrete and particularized" invasion of that interest as is required.    Instead, Plaintiff claims that Defendants have complained about his slanderous statements in the past and even threatened to sue Plaintiff based on such statements.    Plaintiff therefore asks this Court to declare whether his statements were lawfully made.    Plaintiff does not even assert which claims are alleged to be defamatory.    More importantly, even if the alleged defamatory statements were included, Plaintiff lacks standing because he has not been injured or damaged in any respect whatsoever.    Without an alleged injury-in fact, the Plaintiff fails the most critical of the standing requirements.

### B.    Plaintiff Lacks Causal Connection

Without any allegations of injury, Plaintiff necessarily fails to show a causal connection between the injury and the conduct complained of.    In reality, Plaintiff does not complain of any conduct by the Defendants, other than their reference to his slanderous comments.    Whether or not Defendants have been injured by Plaintiff's slanderous statements is not a sufficient basis for Plaintiff to invoke the jurisdiction of this Court.    Injuries suffered by Defendants cannot create standing for

Plaintiff.  Indeed, Defendants have been injured by Plaintiff's defamatory comments and have filed their own action in Florida State Court because that is the state of their residence.  Plaintiff's lawsuit before this Court is nothing more than an attempt to forum shop by beating the Defendants' to the punch and filing first in California District Court.  Plaintiff has suffered no immediate injury and therefore cannot successfully forum shop this matter by filing first despite his lack of injury.  Otherwise, any defendant could simply act like a plaintiff and file in the venue of their choice when their conduct has been questioned.  This is precisely what Plaintiff has done here.  Simply by reading the Complaint it becomes readily apparent that the Plaintiff is actually the individual accused of slandering the Klein Defendants.  It is therefore the Defendants, rather than the Plaintiff that have suffered injury.  In any event, because Plaintiff lacks an injury and therefore also lacks a causal connection between that injury and the conduct of any Defendant, this action must be dismissed.

## C.    Plaintiff Lacks Likely Redress

The third criteria for standing is that it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."  Here, the Plaintiff's request for relief states only that that he seeks the following declaratory judgment:

7

1.    A   declaratory   judgment   that   Plaintiff   has   not slandered or defamed Defendants;

2.    A   declaratory   judgment   that   Plainitff   has   not interfered with Defendants or Defendants' business;

3.    A declaratory judgment that Plaintiff's conduct has been lawful and/or privileged and Plaintiff has not caused damage to Defendants or Defendants' business;

However, there are no "injuries" alleged and therefore no "redress" for those injuries is likely.  Plaintiff also completely fails to state with adequate specificity any alleged slanderous or defamatory statements for the Court to rule on. Accordingly, this Plaintiff lacks the third requirement for standing because without specific allegations regarding the alleged slanderous comments, at a minimum, it is not "likely" that this Court will be able to provide any remedy whatsoever.

Federal Courts are Courts of limited jurisdiction and plaintiffs must satisfy the elements of standing before a Complaint will be allowed to stand.  Plaintiff has filed this action seeking a declaratory judgment for verbal statements that he made. However, Plaintiff fails to even list the alleged defamatory statements with adequate specificity.   After all, it is the Klein Defendants that have been injured by the comments made by Plaintiff and they already have their own lawsuit on file in Florida State Court.  Plaintiff's attempt at forum shopping should not be rewarded

8

and the Defendants should not be required to litigate their claims in the forum of Plaintiff's choice as the standing requirements are written to allow the injured party seeking redress to select the appropriate forum. The Complaint in this matter is due to be dismissed as a result of Plaintiff's lack of standing.

## III.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Federal Rule of Civil Procedure 12(b)(2) allows a Defendant to move for dismissal when the Court lacks personal jurisdiction. In addition to the above deficiencies, the Complaint fails to allege any conduct by Defendants relevant to the claim asserted that occurred within the state of California. On the face of the Complaint, Plaintiff admits that all Defendants are residents of the State of Florida. No specific conduct by Defendants has even been alleged to occur within the state of California anywhere in the Complaint. Indeed, even if some slanderous statements were made to third parties by Plaintiff in California, that does not grant this Court personal jurisdiction over these Florida Defendants.

A motion to dismiss for lack of personal jurisdiction may be brought under Federal Rule of Civil Procedure 12(b)(2). "Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists." Rio Props, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (95h Cir. 2002) (citation omitted).

9

The court's exercise of personal jurisdiction must comport both with the state long-arm statute and with the constitutional requirements of due process. <u>Omeluk v. Langsten Slip and Batbyggeri A/S</u>, 52 F.3d 267, 271 (9th Cir.1995), citing <u>Chan v. Society Expeditions, Inc.</u>, 39 F.3d 1398 ( 9th Cir.1994). California's long-arm statute confers jurisdiction over nonresident defendants to the extent permitted by the California or United States Constitution.  See California Code of Civil Procedure § 410.10.  Therefore, the jurisdictional inquiry collapses into a single analysis of due process.  Absent traditional bases for personal jurisdiction (physical presence, domicile or consent), due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  See <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Plaintiff has failed to establish his burden of showing that the three Florida Defendants in this matter are subject to either the general or specific jurisdiction of this Court.

## A.    General jurisdiction does not exist

General jurisdiction does not exist over these Florida Defendants because they do not conduct substantial or continuous and systematic activities in California. General jurisdiction allows the courts of a forum state to open their doors to cases that are not related to a defendant's forum activities.    <u>Perkins v. Benguet</u>

<u>Consolidated Mining Co.</u>, 342 U.S. 437, 446 (1952).   In order for this Court to exercise general jurisdiction over the Klein Defendants, their activities in California must be "substantial" or "systematic and continuous" where the cause of action is unrelated to any of their activities in California.   See <u>Data Disc</u>, 557 F.2d at 1287; <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 415-416 & n. 9 (1984).   The Court must evaluate each defendant's individual actions to determine if there are sufficient contacts to support a finding of jurisdiction.   See <u>Advantage Lift Systems, Inc. v. OMER S.P.A</u>, 1997 U.S. Dist. LEXIS 11355 at *19 (S.D.Cal. March 19, 1997).

Defendant Mako Products is a Florida corporation that has created a device that is used to stabilize a camera while filming in unstable conditions, such as on water.   Although Mako has done a limited amount of rental business in California, no allegation in the Complaint alleges that its limited business contacts with the state justifies jurisdiction over the company in this matter as the conduct at issue concerns alleged defamatory statements made by Plaintiff to third parties.   No specific damaging conduct by any Florida Defendant is even alleged in the Complaint.   Accordingly, the limited business that Mako has done in California does not warrant general jurisdiction over this entity.

Defendants Jordan Klein, Sr. and Jordan Klein, Jr. are father and son, and are residents of Marion County, Florida.   The Complaint fails to allege any conduct of

11

Klein, Sr. or Jr. occurred within the State of California relevant to the declaratory judgment claim brought herein. Even taking every allegation in the Complaint as true, jurisdiction does not exist over these Florida Defendants.

General jurisdiction does not exist over these Defendants because the complaint fails to allege injury caused by any of their conduct, much less conduct by these Defendants within the state of California. As such, this Court lacks general jurisdiction over the Florida Defendants in this matter.

**B.     Specific jurisdiction does not exist**

Specific jurisdiction does not exist over these defendants because the claims do not arise out of Defendants contacts with California. For this Court to exercise personal jurisdiction over the Florida Defendants, they must be subject to specific jurisdiction based on a three-step analysis: (1) whether they have "purposefully availed" themselves of the forum; (2) whether plaintiffs claims "arise out of' the defendants' forum-related activities; and (3) whether the exercise of jurisdiction over these defendants would be reasonable. Data Disc, Inc., 557 F.2d at 1287. Plaintiff fails to allege <u>any</u> conduct by these Defendants having occurred in the State of California. Thus, requiring them to defend in California would impose an unjustifiable and unreasonable burden.

In order to exercise specific personal jurisdiction, the U.S. Supreme Court requires that a nonresident defendant purposefully direct its activities at a forum

12

resident, or purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law. Hanson v. Denckla, 357 U.S. 235, 253 (1958). The nonresident defendants' conduct in the forum state must be of such a quality that it "reasonably anticipates being hauled into court there." Id. at 297.

Because the Kleins are residents of the state of Florida and do not have substantial contacts with the state of California, this Court lacks personal jurisdiction over them under the specific jurisdiction analysis. There is not a single contact with the State of California even alleged in the Complaint. Indeed, the Complaint asks this Court to make a declaration regarding some unspecified conduct of Plaintiff without any regard whatsoever to the conduct of these Defendants in California.

Furthermore, the exercise of personal jurisdiction over these Defendants would also be unreasonable in that they are forced to defend this action in California at extensive additional costs. The burden on Defendants in defending in California is severe. Accordingly, the Court should grant Defendants' motion to dismiss for lack of personal jurisdiction.

13

## IV.   CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants Mako Products, Jordan Klein, Sr. and Jordan Klein, Jr. respectfully request that this Court enter an order: (i) granting the Motion dismissing this action for the following reasons:

1.   Plaintiff's claim for declaratory judgment regarding alleged defamatory statements made by Plaintiff violates the doctrine of ripeness as it asks this Court merely to make a determination regarding differing legal opinions;

2.   Plaintiff lacks standing regarding his declaratory judgment action because he fails to show injury in fact; and

3.   This Court lacks *in personam* jurisdiction over these Florida Defendants as the conduct at issue is that of Plaintiff and not of any Defendant herein;

4.   That Defendants be granted their costs and expenses, including reasonable attorneys' fees for having to defend his baseless lawsuit; and

5.   For such other and further relief as this Court deems just and proper.

DATED:  January 2, 2008.

s/ Brian W. Warwick
BRIAN W. WARWICK
VARNELL & WARWICK, P.A.
20 La Grande Boulevard
The Villages, FL  32159
Telephone:  (352) 753-8600
Facsimile:   (352) 753-8606
bwwarwick@aol.com

14

Attorneys for Defendants

STANLEY LIEBER (57628)
Law Offices of Stanley P. Lieber
6351 Owensmouth Ave., Suite 100
Woodland Hills, CA  91367
Telephone:  (818) 888-1811
Facsimile:   (818) 888-1912
stan@lieberlaw.com

BRIAN W. WARWICK
JANET R. VARNELL
VARNELL & WARWICK, P.A.
20 La Grande Boulevard
The Villages, FL  32159
Telephone:  (352) 753-8600
Facsimile:   (352) 753-8606
bwwarwick@aol.com

## <u>CERTIFICATE OF DELIVERY</u>

I hereby certify that on the 2nd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert Lauson
bob@lauson.com
Edward Schewe
ed@lauson.com

s/ Brian W. Warwick